UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**ALEX YOVANYS PEREZ,**

      **Petitioner,**

  v.

**TODD LYONS,** *et al.***,**

      **Respondents.**

Case No. 25–cv–17186–ESK

OPINION

**KIEL, U.S.D.J.**

    **THIS MATTER** comes before the Court on petitioner Alex Yovanys Perez's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition). (ECF No. 1.) He has also filed a motion for an order to show cause (Motion). (ECF No. 2.) Respondents United States Attorney General Pamela Bondi, Department of Homeland Security (Department) Secretary Kristi Noem, Immigration and Customs Enforcement (ICE) Acting Director Todd M. Lyons, and Delaney Hall Detention Facility (Facility) Director Luis Soto oppose the Petition and Motion. (ECF No. 10.) For the following reasons, I will grant the Petition and Motion to the extent that petitioner seeks an order requiring respondents to provide him with a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a).

    **I.   BACKGROUND**

    Petitioner is a citizen of Honduras. (ECF No. 1 ¶ 12.) He has lived in the United States since June 2005 after fleeing persecution in Honduras. (*Id.* ¶¶ 37, 40.) He lives in Newark, New Jersey. (*Id.*) He has no criminal history. (*Id.* ¶ 40.)

    Petitioner encountered ICE during a traffic stop on October 27, 2025. (*Id.* ¶ 38.) ICE arrested petitioner and detained him in Delaney Hall. (*Id.*) The

Department issued a Notice to Appear (Notice) to petitioner, requiring him to appear before an immigration judge in Elizabeth, New Jersey. (ECF No. 10–3 p. 1.) The statute cited was Immigration and Nationality Act (INA) §§ 212(a)(6)(A)(i), 212(a)(7)(A)(i)(I). (*Id.* p. 4.)

Petitioner filed the Petition and Motion on November 4, 2025. (ECF Nos. 1, 2.) Later that day, petitioner was transferred to Pine Prairie ICE Processing Center in Pine Prairie, Louisiana. (ECF No. 9 p. 1.) On November 5, 2025, I ordered respondents to answer the Petition. (ECF No. 3.) Respondents filed an answer to the Petition on November 12, 2025. (ECF No. 10.) Petitioner declined to submit a formal reply. (ECF No. 11.)

## II.   LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

Petitioner was detained within the District of New Jersey when he filed the Petition, and he asserts that his continued detention violates due process. Therefore, I have jurisdiction over his claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement); *see also Khalil v. Joyce*, 777 F. Supp. 3d 369, 393 (D.N.J. 2025) ("[A] habeas court that otherwise has jurisdiction over a case does not lose that jurisdiction just because the habeas petitioner has been moved out of the district.").

## III.   DISCUSSION

Petitioner argues that his mandatory detention violates his substantive and procedural due process rights under the Fifth Amendment. (ECF No. 1

¶ 45.) He argues that he should not be subject to mandatory detention without a bond hearing pursuant to 8 U.S.C. § 1225(b)(2). (*Id.*) Instead, petitioner asserts that his detention can only be justified pursuant to INA § 236, codified at 8 U.S.C. § 1226, and that he is at a minimum entitled to an individualized assessment for release by an immigration judge. (*Id.* ¶¶ 32, 33, 34.) Respondents assert that petitioner is lawfully detained pursuant to § 1225(b)(2) and that he is not entitled to a bond hearing pursuant to a recent Board of Immigration Appeals ("BIA") opinion that held immigration judges may not hear bond requests of noncitizens detained pursuant to § 1225(b)(2). (ECF No. 10 pp. 12, 13 (citing *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 216 (BIA 2025).)

As with many cases filed in this District and around the country, the critical issue that I must decide is whether petitioner is properly detained under § 1225(b) or § 1226(a). In brief, § 1225 provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall* be detained" pending removal hearings. 8 U.S.C. § 1225(b)(2)(A) (emphasis added). "Thus, it is unambiguous and patently clear that for the provision to apply and thus subject a noncitizen to mandatory detention: (1) there must be an 'examining immigration officer' who determines; (2) that an 'applicant for admission'; (3) is 'seeking admission'; and (4) 'not clearly and beyond a doubt entitled to be admitted.'" *Bethancourt Soto v. Soto, et al.*, No. 25–cv–16200, __ F. Supp. 3d __, 2025 WL 2976572, at *5 (D.N.J. Oct. 22, 2025). On the other hand, § 1226(a) "applies to aliens already present in the United States" and "creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). "The line historically drawn between

3

these two sections … is that section 1225 governs detention of non-citizens 'seeking admission into the country,' whereas section 1226 governs detention of non-citizens 'already in the country.'" *Martinez v. Hyde*, No. 25–cv–11613, 2025 WL 2084238, at *8 (D. Mass. July 24, 2025) (citing *Jennings*, 583 U.S. at 288–89). "[T]he provisions here are mutually exclusive—a noncitizen cannot be subject to both mandatory detention under § 1225 and discretionary detention under § 1226 … ." *Lopez Benitez v. Francis*, No. 25–cv–05937, __ F. Supp. 3d. __, 2025 WL 2371588, at *4 (S.D.N.Y. Aug. 13, 2025).

Respondents put forward a wide-sweeping interpretation of § 1225(b)(2)(A)'s "seeking admission" element, arguing that it is satisfied by the mere fact that petitioner is present in the United States without admission. (ECF No. 10 p. 15 ("[A]ll 'applicants for admission' are, by definition, 'seeking admission.'")) The vast majority of courts confronting this precise issue have rejected respondents' interpretation, and the BIA's interpretation in *Hurtado*, as contradictory to the plain text of § 1225.[1] *See, e.g., Bethancourt Soto*, 2025 WL 2976572, at *5; *Belsai D.S. v. Bondi*, No. 25–cv–03682, 2025 WL 2802947 (D. Minn. Oct. 1, 2025); *Quispe v. Crawford*, No. 25–cv–01471, 2025 WL 2783799 (E.D. Va. Sept. 29, 2025); *Savane v. Francis*, No. 25–cv–06666, 2025 WL 2774452 (S.D.N.Y. Sept. 28, 2025); *Zumba v. Bondi*, No. 25–cv–14626, 2025 WL 2753496 (D.N.J. Sept. 26, 2025); *Salazar v. Dedos*, No. 25–cv–00835, 2025 WL 2676729 (D.N.M. Sept. 17, 2025); *Lepe v. Andrews*, No. 25–cv–01163, 2025 WL 2716910 (E.D. Cal. Sept. 23, 2025); *Roman v. Noem*, No. 25–cv–01684, 2025 WL 2710211 (D. Nev. Sept. 23, 2025); *Giron Reyes v. Lyons*, No. 25–cv–04048, 2025 WL 2712427 (N.D. Iowa Sept. 23, 2025); *Singh v. Lewis*, No. 25–cv–00096,

---

[1] I am not required to defer to the BIA's interpretation of § 1225 because "[w]hen the meaning of a statute [is] at issue, the judicial role [is] to 'interpret the act of Congress, in order to ascertain the rights of the parties.'" *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 412 (2024) (quoting *Decatur v. Paulding*, 39 U.S. 497, 503 (1840)).

2025 WL 2699219 (W.D. Ky. Sept. 22, 2025); *Barrera v. Tindall*, No. 25–cv–00541, 2025 WL 2690565 (W.D. Ky. Sept. 19, 2025); *Hasan v. Crawford*, No. 25–cv–01408, 2025 WL 2682255 (E.D. Va. Sept. 19, 2025); *Vazquez v. Feeley*, No. 2:25–cv–01542, 2025 WL 2676082 (D. Nev. Sept. 17, 2025); *Garcia Cortes v. Noem*, No. 25–cv–02677, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Lopez Santos v. Noem*, No. 25–cv–01193, 2025 WL 2642278 (W.D. La. Sept. 11, 2025); *Perez v. Kramer*, No. 25–cv–03179, 2025 WL 2624387 (D. Neb. Sept. 11, 2025); *Pizarro Reyes v. Raycraft*, No. 25–cv–12546, 2025 WL 2609425 (E.D. Mich. Sept. 9, 2025); *Hinestroza v. Kaiser*, No. 25–cv–07559, 2025 WL 2606983 (N.D. Cal. Sept. 9, 2025); *Jimenez v. FCI Berlin, Warden*, No. 25–cv–00326, 2025 WL 2639390 (D.N.H. Sept. 8, 2025); *J.O.E. v. Bondi*, No. 25–cv–03051, 2025 WL 2466670 (D. Minn. Aug. 27, 2025); *Leal-Hernandez v. Noem*, No. 25–cv–02428, 2025 WL 2430025 (D. Md. Aug. 24, 2025); *Lopez-Campos v. Raycroft*, No. 25–cv–12486, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); *Lopez Benitez*, 2025 WL 2371588.  I am persuaded by the comprehensive reasoning of these courts and find that § 1226(a) applies to petitioner's detention.

Here, petitioner was not seeking to be admitted when ICE agents arrested him; he had already been living inside the United States for 20 years. "A noncitizen like [p]etitioner, who has already entered and is present in the country, simply cannot be characterized as 'seeking entry' consistent with the ordinary meaning of that phrase." *Vazquez v. Feeley*, No. 2:25–cv–01542, 2025 WL 2676082, at *13 (D. Nev. Sept. 17, 2025); *see also Zumba v. Bondi*, No. 25–cv–14626, 2025 WL 2753496, at *3 (D.N.J. Sept. 26, 2025) (noting that "up until July 8 the predominant form of detention authority for petitioner and other noncitizens arrested in the interior of the United States was § 1226(a).")

Accordingly, I find that petitioner's mandatory detention pursuant to § 1225(b)(2)(A) violates the laws of the United States and petitioner's due

process rights.   Respondents are ordered to treat petitioner as detained under § 1226(a) and provide him with an individualized bond hearing.

## IV.   CONCLUSION

For the reasons stated above, the Petition is granted.   Respondents shall treat petitioner as detained under § 1226(a) and provide him with an individualized bond hearing before an immigration judge.   Respondents shall file a letter on the docket within 7 days of this Opinion and Order indicating whether the hearing has taken place and, if not, why not.[2]   An appropriate Order accompanies this Opinion.

          /s/ Edward S. Kiel
**EDWARD S. KIEL**
UNITED STATES DISTRICT JUDGE

Dated: November 19, 2025

---

[2] I shall keep these proceedings open pending respondents' submission.